IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY BUCCINI and MICHAEL STARY,<br><br>Plaintiffs;<br><br>v.<br><br>THE CITY OF AURORA, ILLINOIS, a municipal corporation; AURORA POLICE OFFICERS MICHAEL CARRASCO, REYNALDO RIVERA, WILLIAM WHITFIELD, SGT. JAMES BOATMAN, all in their individual and official capacities;<br><br>Defendants. | Case: 1:21-cv-03031<br>Judge John F. Kness<br>JURY TRIAL DEMANDED |

RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, by their undersigned counsel, hereby respond to Defendants' Motion to Dismiss, and in support state as follows:

## Introduction

Defendant's Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), essentially contends 1) all federal claims are untimely, and as such, 2) the Court has no ancillary jurisdiction over the supplemental state claims pled. These contentions fail for the reasons set forth below.

## Fed.R.Civ.P. 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires Plaintiffs to set forth in their complaint "a short and plain statement of the claim showing that [they

are] entitled to relief." They need not plead a detailed set of facts, so long as the complaint supplies the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010). His claim must be "plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), which requires the court to consider whether the events alleged could have happened, not whether they did happen or likely happened, *Swanson*, 614 F.3d at 404. See also *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 629 (7th Cir. 2010) ("the complaint must establish a non-negligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote"). As Judge Easterbrook so aptly stated in *Kolupa v. Roselle Park Dist.*, 438 F. 3d 713 (7th Cir. 2006) (a case argued and won by the undersigned): "Any district judge (for that matter, any defendant) tempted to write `this complaint is deficient because it does not contain . . .' should stop and think: What rule of law requires a complaint to contain that allegation?" … The Court held, and we reiterate, that complaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal

rule. Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)"). Id., at 714-15.

## Plaintiffs' Amended Complaint is Not Untimely

The first count alleges First Amendment violations stemming from the Defendant officers directing them against protesting and sidewalk counseling against abortion on the public easement in front of the Planned Parenthood abortion facility, and then arresting them for refusing to do so, asserting their rights under both the First Amendment and the Settlement Agreement (SA) from made between representative pro-life organizations and the City of Aurora in 2010, in a case litigated before this Court, namely Case No. 2001-CV-4803, *FOX VALLEY FAMILIES AGAINST PLANNED PARENTHOOD, an unincorporated association, PRO-LIFE ACTION LEAGUE, INC., an Illinois not-for-profit corporation, and ERIC SCHEIDLER, vs. CITY OF AURORA, a municipal corporation,* a case in this Court before Judge Virginia Kendall. In this same Count, ¶20 *inter alia*, Plaintiffs alleged First Amendment retaliation.

### First Amendment Claims

The First Amendment violations are timely because they are ongoing, culminating in the malicious prosecution which only terminated with the Appellate Court (2nd District) affirming the dismissal of charges against the

Plaintiffs, which occurred on September 24, 2020. And the directive against protesting and sidewalk counseling (which Plaintiffs were arrested for refusing) has never been rescinded.

> On the one hand, "[t]he period of limitations runs from each independently unlawful act or failure to act." Id. On the other hand, the period of limitations does not run independently for each act when the plaintiff cannot reasonably be expected to file suit for each independent violation. *Selan v. Kiley*, 969 F.2d 560, 565-66 (7th Cir. 1992) ("What justifies treating a series of separate violations as a continuing violation? Only that it would have been unreasonable to require the plaintiff to sue separately on each one."). The genuine continuing violation doctrine is also applied when the "state actor has a policy or practice that brings with it a fresh violation each day." See *Wood v. City of Granite City,* 2019 U.S. Dist. LEXIS 49459, at *13 (S.D. Ill. Mar. 25, 2019) (citing *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007, 1012-14 (7th Cir. 2003)).
> In *Wilson v. Wexford Health Sources, Inc.*, the Seventh Circuit explained that a "section 1983 Eighth Amendment claim based on deliberate indifference in the delivery of medical care does not necessarily allege a single event or a series of events, but may describe an ongoing denial of care." 932 F.3d 513, 517 (7th Cir. 2019) (citing *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2013)). These types of cases are instances of "continuing violations" that last as long as the "defendant [has] the power" to remedy the plaintiff's condition but fails to do so. Id. at 517-18; see also *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013) ("For continuing Eighth Amendment violations, the two-year period starts to run (that is, the cause of the action accrues) from the date of the last incidence of that violation, not the first."). But even if the violation is considered "continuing," such violation will at least end when the inmate is released. See *Ruiz v. Williams*, 144 F. Supp. 3d 1007, 1012 (N.D. Ill. 2015).

*Bernard v. Scott,* 501 F. Supp. 3d 611, 621-22 (N.D. Ill. 2020).

The Defendants had the power to remedy the continuing violations of the Plaintiffs' (and others') First Amendment rights by rescinding the order to refrain from protesting and sidewalk counseling against abortion on the public easement in front of the Planned Parenthood abortion facility, but

refused to remedy said violations by rescinding said order (which was called a "directive" in the Amended Complaint). Thus the First Amendment violation claims in the first count are not time-barred.

Another reason the First Amendment claims in the first Count are not time-barred is because they include First Amendment retaliation claims, which extend to September 24, 2020, less than a year before the initial complaint was filed.

"In order to establish a First Amendment retaliation claim, a plaintiff must show that her speech was constitutionally protected under the circumstances, and that the defendants retaliated against her because of that speech." *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). To survive a motion to dismiss, Plaintiffs must allege that "(1) [they] engaged in activity protected by the First Amendment; (2) [they] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiffs have stated a plausible claim showing their First Amendment rights to protest and sidewalk counsel on the public easement adjacent to the Planned Parenthood abortion facility were not only denied by Defendants, but Defendants retaliated against Plaintiffs for exercising said

rights over a period of several years by violating the SA and prosecuting them and even appealing the dismissal of their attempts to relentlessly prosecute them, such retaliation ending well within the limitations period with the vindication of Plaintiffs by the Appellate Court, 2nd District, on September 24, 2020.

## Fourteenth Amendment Claims

Further, the second count alleges the same facts, applying the Fourteenth Amendment due process clause. But the analysis is the same: the Defendants had the power to remedy the continuing violations of the Plaintiffs' (and others') Fourteenth Amendment rights by rescinding the order to refrain from protesting and sidewalk counseling against abortion on the public easement in front of the Planned Parenthood abortion facility, but refused to remedy said violations by rescinding said order (which was called a "directive" in the Amended Complaint). Thus the Fourteenth Amendment violation claims in the first count are not time-barred.

As for the third count, which alleges Fourth Amendment violations, the claims sounding in malicious prosecution are also not time-barred. In *Albright v. Oliver*, 510 U.S. 266 (1994), the United States Supreme Court affirmed the Seventh Circuit in holding prosecution without probable cause is a constitutional tort actionable under 42 U.S.C. §1983 only if accompanied by "incarceration, loss of employment, or some other 'palpable

consequence.'" Id., at 269. Certainly, Plaintiffs pled they not only suffered incarceration, but also being subject to 5 (five) years of relentless litigation from which they were exonerated.

## **Supplemental State Claims**

Based on the above arguments against dismissal of the federal claims, the supplemental state claims should not be dismissed. See 28 U.S.C. §1367(a).

## **Conclusion**

Wherefore, Plaintiffs urge this Court to deny Defendants' Motion to Dismiss, or alternatively to allow amendment of Plaintiffs' amended complaint if it deems such necessary, and to grant any and all relief the Court deems just.

Respectfully submitted,
s/Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
Phone: 708-946-4973
Email: craddocklaw@icloud.com or cradlaw1970@gmail.com

CERTIFICATE OF SERVICE

    The undersigned served the foregoing motion and upon the following via the Court's CM/ECF system, on February 2, 2022:

John B. Murphey
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
Attorneys for Defendants
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678/Fax (708) 424 5829
jmurphey@osmfm.com

                              s/Jason R. Craddock