IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY BUCCINI, MICHAEL STARY, Plaintiff; | )<br>)<br>) |
| v. | )<br>) |
| THE CITY OF AURORA, ILLINOIS, a municipal corporation; AURORA POLICE OFFICERS MICHAEL CARRASCO, REYNALDO RIVERA, WILLIAM WHITFIELD, SGT. JAMES BOATMAN, all in their individual and official capacities; Defendants. | ) Case No. 21-cv-3031<br>) Judge John F. Kness<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNOPPOSED MOTION TO TRANSFER FOR RELATEDNESS

Plaintiff, by his counsel of record, moves to transfer for relatedness and consolidate this case with case no. 21-cv-6288, *Navarro v. City of Aurora, et al.*, and in support states as follows:

1. The undersigned conferred with defense counsel who indicated he does not oppose the relief sought in this motion.

2. LR40.4(a) states as follows: "Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law;"

3. Case no. 21-cv-6288, *Navarro v. City of Aurora, et al.*, is pending before Judge Elaine Bucklo.

4. The two cases arise out of pro-life protests at the exact same property (the Aurora Planned Parenthood abortion facility).

5. The two cases involve the same issues of fact and law, namely, anti-Planned Parenthood pro-life protestors claiming violations of their First and Fourteenth Amendment rights and violation of a settlement agreement made in *Fox Valley Families et al. v. City of Aurora,* case no. 2007-CV-4803 in this Court, as a result of Aurora police directing anti-Planned Parenthood pro-life protestors to not engage in protest or counseling activity on an easement in front of the facility where (Plaintiffs allege) the agreement allows them to be present, and arresting them when they assert their rights, *inter alia.*

6. LR 40.4(b) states: "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

7. Both cases are pending in this Court, involving even the same counsel on both sides and one party in common (the City of Aurora), and the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort, because the earlier case has not progressed to the

point where designating the later filed case as related would be likely to delay the proceedings in the earlier case substantially: in the earlier case a Motion to Dismiss the Complaint has been pending and fully briefed for several months and Plaintiffs intend to amend the Complaint, while in the later case an Amended Complaint was filed and discovery is underway.

8. In addition, one of the Plaintiffs in one case is a potential witness in the other case, and both cases have other potential witnesses in common.

Wherefore, Plaintiff urges this Court to transfer for relatedness and consolidate this case with case no. 21-cv-6288, *Navarro v. City of Aurora, et al.*, reassigning the latter to Judge John Kness along with the instant case, and for all relief this Court deems just.

By: s/ Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Suite 200
Oak Brook, IL 60523
(708) 964-4973
Email: craddocklaw@icloud.com or cradlaw1970@gmail.com

Certificate of Service
The undersigned served this Motion on the following defense counsel who have appeared in this case via CMECF, on July 18, 2023:

Dominick L. Lanzito
PETERSON JOHNSON MURRAY-CHICAGO, LLC
200 W. Adams Street
Suite 2125
Chicago, IL 60606
Email: dlanzito@pjmlaw.com

/s/Jason R. Craddock